United States District Court
Southern District of Texas
**ENTERED**
August 13, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JUAN MANUEL ALBARADO | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. B: 18-cv-123 |
| | § | |
| "TRESPASSERS AB INITIO," | § | |
|     Defendants. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On June 25, 2018, Plaintiff Juan Manuel Albarado filed a complaint in the Northern District of Texas. Dkt. No. 1. On July 16, 2018, the case was transferred to this Court. Dkt. No. 11.

The Court is under a continuing obligation to ensure that subject matter jurisdiction is present at all stages of the proceeding. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583-84 (1999). "[A] court sua sponte must raise the issue if it discovers it lacks subject matter jurisdiction." Giles v. NYLCare Health Plans, Inc., 172 F.3d 332, 336 (5th Cir. 1999).

After reviewing the record and the relevant case law, it is recommended that the case be dismissed without prejudice for lack of subject matter jurisdiction.

**I. Background**

The factual background to this case is relatively straight forward. In his complaint, Albarado asserts that his ancestors were illegally deprived of their rightful ownership of South Padre Island (which he refers to as the Island of Santiago) and seeks to quiet title to that land. Id. Albarado claims to be a descendant of Nicolas Balli, who he asserts is the original rightful owner of South Padre Island. Dkt. No. 22, p. 1. Albarado claims that U.S. officials illegally deprived Balli of the ownership of his land, in violation of the Treaty of Guadalupe Hidalgo. Id.

This is not a novel claim. Balli family descendants have been litigating claims to that land in courts throughout the United States for over 90 years with no success. Kerlin v.

1

Sauceda, 263 S.W.3d 920, 921 (Tex. 2008); Kerlin v. Arias, 274 S.W.3d 666, 667 (Tex. 2008); U.S. v. 22,680 Acres of Land in Kleberg Cty., Tex., 438 F.2d 75, 76 (5th Cir. 1971); Allen, 202 Ct. Cl. 1114, 1116 (1973); U.S. v. 34,884 Acres, No. C.A. 142 (S.D.Tex.1948), aff'd sub nom De Lourett v. Kerlin, 182 F.2d 750 (5th Cir. 1950); State v. Balli, 144 Tex. 195, 190 S.W.2d 71 (1944); Havre v. Dunn, No. 6515 (103rd Dist. Ct., Cameron County, Tex. June 29, 1928).

Albarado filed his complaint in this case in the Northern District of Texas, asserting a claim to quiet title, seeking to have rightful title to his share of South Padre Island returned to him. Dkt. No. 1. Albarado identified "Trespassers Ab Initio" as the defendants.

On July 16, 2018, the case was transferred to this Court. Dkt. No. 11.

On July 23, 2018, the Court ordered Albarado to file a brief, explaining why jurisdiction exists in this case and why the case should not be dismissed without prejudice for lack of subject matter jurisdiction. Albarado was further ordered to identify the Defendants that he is seeking relief from.

On August 10, 2018, Albarado timely filed his brief, claiming that maritime and admiralty jurisdiction applied to this matter and asking the Court to order that he be delivered "to the closest Mexican embassy" until his claims can be arbitrated. Dkt. No. 22. The Court notes that Albarado is currently incarcerated at the Lewis Unit in Woodville, Texas, after being convicted of murder. Dkt. No. 20. Albarado did not further identify any of the individual defendants that he wishes to sue.

## II. Applicable Law

### A. Jurisdiction

The threshold question, before considering the substance of any claim, is whether the court possesses jurisdiction over the claim. This is the case, because federal courts are courts of limited jurisdiction, whose authority exists only within the boundaries established by Congress and the United States Constitution. Ruhrgas AG v. Marathon Oil Co., 526 U.S.

574, 583-84 (1999).  A plaintiff bears the burden of proving jurisdiction. Choice Inc. of Tex. v. Greenstein, 691 F.3d 710, 714 (5th Cir. 2012).

In determining whether jurisdiction exists, the Court may consider: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. U.S., 281 F.3d 158, 161 (5th Cir. 2001).  Conclusory allegations or "legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Wells v. Ali, 304 Fed. App'x. 292, 293 (5th Cir. 2008) (quoting Fernandez–Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).

### III. Analysis

Allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972).  That latitude, however, "does not exempt a party from compliance with relevant rules of procedural and substantive law." Birl v. Estelle, 660 F.2d 592, 593 (5th Cir. 1981).

There is no basis for subject matter jurisdiction over this case, either under federal question jurisdiction, diversity jurisdiction or admiralty jurisdiction, as discussed further below.

**A. Federal Question**

Albarado claims that jurisdiction exists under Article VI of the U.S. Constitution, Article VIII of the Treaty of Guadalupe Hidalgo, 28 U.S.C. § 1651 (All Writs Act) and 28 U.S.C. § 2201 (creation of remedies). Dkt. No. 1, p. 1.  It does not appear that jurisdiction exists in this case, given that none of these citations create jurisdiction.

Article VI of the U.S. Constitution provides that treaties shall be "the supreme law of the land."  Article VIII of the Treaty of Guadalupe Hidalgo guaranteed that Mexican citizens who owned property in areas that were acquired by the U.S. shall have their property rights "inviolably respected" and be entitled to all rights that belong to U.S. citizens. Amaya v.

Stanolind Oil & Gas Co., 62 F. Supp. 181, 182 (S.D. Tex. 1945), aff'd, 158 F.2d 554 (5th Cir. 1946). However, the treaty does not automatically create federal jurisdiction. Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813 (1986) ("[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction."). Albarado's claim is based on competing claims to the land in question, which is a state law issue. See Vigil v. Hughes, 509 F. App'x 796, 798 (10th Cir. 2013) (Article VIII of the Treaty of Guadalupe Hidalgo did not create federal jurisdiction for claims about disputed ownership of land); Huckins v. Duval Cty., Fla., 286 F.2d 46, 49 (5th Cir. 1960) ("It is not enough for the plaintiffs to show that their claim is dependent upon a treaty" in order to create federal question jurisdiction over a land ownership dispute). As such, there is no federal question jurisdiction created by the Treaty of Guadalupe Hidalgo.

Furthermore, 28 U.S.C. §§ 1651 and 2201 do not provide an independent basis for jurisdiction, but rather create remedies for cases were jurisdiction otherwise exists. Texas v. Real Parties In Interest, 259 F.3d 387, 392 (5th Cir. 2001); Lawson v. Callahan, 111 F.3d 403, 405 (5th Cir. 1997).

Accordingly, despite Albarado's arguments to the contrary, there is no basis in federal law for Albarado's claim and federal question jurisdiction is not present.

**B. Diversity Jurisdiction**

"Absent any federal question, complete diversity of citizenship is required." Dos Santos v. Belmere Ltd. P'ship, 516 F. App'x 401, 402 (5th Cir. 2013). As relevant here, federal courts have jurisdiction over civil actions where (1) "the matter in controversy exceeds the sum or value of $75,000;" and, (2) the action is between citizens of different States. 28 U.S.C. § 1332(a)(1).

Albarado has not, however, specifically named any defendants; instead, merely suing anyone currently holding title to South Padre Island as a "trespasser ab initio." Dkt. No. 1.

4

From this, the Court cannot determine the citizenship of any putative defendant for diversity jurisdiction purposes.[1] Simply stated, there is no basis to conclude that diversity jurisdiction exists in this case.

### C. Admiralty Jurisdiction

Admiralty jurisdiction exists in federal court for "[a]ny civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333. "[A] party seeking to invoke federal admiralty jurisdiction pursuant to 28 U.S.C. § 1333(1) over a tort claim must satisfy conditions both of location and of connection with maritime activity. A court applying the location test must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water." Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995).

The injury in this case did not occur on navigable water and was not cause by a vessel on navigable water; it occurred when land was allegedly taken illegally from Albarado's ancestor. Nor was the injury connected with maritime activity; the damages were not "maritime in nature." See, c.f., Broughton Offshore Drilling, Inc. v. S. Cent. Mach., Inc., 911 F.2d 1050, 1052 (5th Cir. 1990) (holding that "the damages in this case are intensely maritime in nature and could not easily have occurred in land-based operation.").

There is no basis for admiralty/maritime jurisdiction in this case.

---

[1] The Court notes that when "determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b). However, this statute avails Albarado nothing, as the Fifth Circuit has held that it only applies when a case is removed from state court to federal court. Richard v. Doe, 638 F. App'x 409, 410 (5th Cir. 2016). Thus, Albarado is responsible for proving that diversity of citizenship exists between him and all defendants. Id.

**IV. Recommendation**

It is recommended that this case be dismissed without prejudice for lack of subject matter jurisdiction.

**A. Notice to Parties**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the Honorable Fernando Rodriguez, Jr., United States District Judge. 28 U.S.C. § 636(b)(1) (eff. Dec. 1, 2009). Failure to file timely objections shall bar the parties from a de novo determination by the District Judge of an issue covered in the report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district court except upon grounds of plain error or manifest injustice. See § 636(b)(1); Thomas v Arn, 474 U.S. 140, 149 (1985); Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1428-29 (5th Cir. 1996), superseded by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

DONE at Brownsville, Texas, on August 13, 2018.

_____
Ronald G. Morgan
United States Magistrate Judge